UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GRACE CLAY, individually, and on
behalf of minor son, S.C. and
STEPHEN CLAY, individually, and
on behalf of minor son, S.C.,

      Plaintiffs,

v.                                     Case No. 2:19-cv-423-FtM-66NPM

IH4 PROPERTY FLORIDA, L.P. and
INVITATION HOMES REALTY, LLC,

      Defendants.

_____

**ORDER**

Before the Court is Plaintiffs' Motion for Contempt Against Non-Party York Risk Services Group, Inc. (Doc. 33). Plaintiffs Grace Clay and Stephen Clay, individually and on behalf of their minor son, S.C., request the Court find York Risk Services Group, Inc. ("York") in contempt for failing to respond to a third-party subpoena.

In this action, Plaintiffs claim Defendants illegally allowed dangerous and toxic mold to remain in Plaintiffs' rental property, and they assert claims for breach of lease, negligence, and violations of the federal Fair Housing Act, the Florida Fair Housing Act and the Florida Landlord-Tennant Act. In their motion, Plaintiffs explain that a York employee "inspected the subject property in February 2018 on behalf of [defendant] Invitation Home and/or its insurer." (Doc. 33, ¶ 4). The subpoena seeks the production of:

> Any and all documents concerning inspection, maintenance,
> repairs, underwriting, claims investigation and/or processing,
> in relation to real property known as 2201 NW 1st Street Cape

Coral, Florida, 33993, that occurred between September 1,
2017 through the (*sic*) May 30, 2019.

(Doc. 33-1, p.4). Furthermore, the subpoena commands these items be produced at the offices of plaintiff counsel in Fort Myers, Florida. (Id., p. 1). But York is a foreign corporation with offices in New Jersey and Tennessee (Doc. 33-3). And by attempting to command production more than 100 miles from where York "resides, is employed, or regularly transacts business in person," the subpoena violates the applicable rule and is improper. *See* Fed. R. Civ. P. 45(c)(2)(A); *see also* Fed. R. Civ. P. 45(d)(3)(A)(ii) (a subpoena must be quashed when it "requires a person to comply beyond the geographical limits specified in Rule 45(c)"). Indeed, Plaintiffs' subpoena directed to York expressly states as much. (Doc. 33-1, p.3).

Moreover, it would be a rare circumstance for a court to use "contempt sanctions without first ordering compliance with a subpoena," and Plaintiffs never made a request to compel compliance. *Gonzalez v. Batmasian*, No. 9:16-cv-81696, 2017 WL 1499233 (S.D. Fla. Apr. 24, 2017) (quoting Rule 45's advisory committee notes and denying request to hold subpoenaed deponent in contempt).

Finally, Plaintiffs' motion runs afoul of Local Rule 3.01(g), which requires a moving party to "confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion," and to certify compliance and discuss the outcome of the conferral process in the motion. For a non-party subpoena such as this one, the "opposing party" is the subpoenaed party—especially when the movant is seeking to hold the subpoenaed party in contempt. But there is no indication Plaintiffs conferred with York to obtain the information requested before filing the motion.

Accordingly, it is hereby **ORDERED**:

The Motion for Contempt Against Non-Party York Risk Services Group, Inc. is

**DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 2, 2020.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE