UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GRACE CLAY and STEPHEN
CLAY individually and on behalf
of their minor son, S.C.,

      Plaintiffs,

v.                                                            Case No. 2:19-cv-423-JLB-NPM

IH4 PROPERTY FLORIDA, L.P. and
INVITATION HOMES REALTY, LLC,

      Defendants.

_____

## ORDER

The parties filed an Agreed Petition for Order Authorizing Settlement of Minor's Personal Injury Claim (Doc. 58). In the Petition, the parties request that the Court approve the settlement reached between the parties, which includes a settlement with the minor Plaintiff S.C. (*Id.*, pp. 1-2). For the reasons below, the Court finds it cannot approve the settlement as proposed.

In the Amended Complaint, Plaintiff brings both federal and state claims. (*See* Doc. 11). When approving a settlement in federal court, "'the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties.'" *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991) (citations omitted). By contrast, under Florida law, when

reviewing a settlement that includes a minor, a court's inquiry is limited to whether the settlement is in the best interests of the minor. *Meyers v. United States*, No. 6:13-CV-1555-ORL, 2014 WL 5038585, *2 (M.D. Fla. Sept. 29, 2014). Here, the Court is not called upon to determine whether approval of the settlement is required for the minor Plaintiff under the Fair Housing Act claim. Nor is the Court required to answer the *Erie*[1] question of whether Florida-law requirements apply to approving the settlement of a minor's state-law claims.[2] But in the interests of finality and both judicial and litigant economy, the Court may approve a minor's settlement without deciding these issues so that the settlement will not be subject to any attack for lack of court approval.

The problem is the parties ask the Court to approve a *proposed* settlement entered into—in part—for the benefit of the minor, S.C. The Court does not have the actual, executed settlement agreement between the parties. As a result, the Court will require the parties to file the entire executed settlement agreement that contains any releases before it will consider whether to approve the settlement. In that vein, when submitting an amended joint motion for settlement approval, the parties must supply legal authority that the non-disclosure provision in the Full and Final Release

---

[1] *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

[2] For example, the appointment of a guardian is a procedural question and controlled by Federal Rule of Civil Procedure 17(c), not state law. *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001).

(Doc. 58-1, p. 2) remains appropriate despite filing a settlement agreement in the public record or, alternatively, omit the non-disclosure provision. If needed, the parties may redact or omit any personal identification information as provided in Federal Rule of Civil Procedure 5.2. Finally, the Court will extend the deadline set forth in the December 4, 2020 Order dismissing this case (Doc. 57) for the parties to submit their papers to terminate this action.

Accordingly, the Agreed Petition for Order Authorizing the Settlement of Minor's Personal Injury Claim (Doc. 58) is **DENIED without prejudice**. By **February 18, 2021**, the parties may file an amended joint motion for settlement approval in compliance with this Order. Any such motion shall demonstrate by citation to legal authority and representations of counsel or averments of the parties that the settlement satisfies both the federal and state standards for approval. Further, the deadline to comply with the December 4, 2020 Order (Doc. 57) is extended by sixty (60) days.

**DONE** and **ORDERED** in Fort Myers, Florida on February 4, 2021.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

3