UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GRACE CLAY and STEPHEN
CLAY,

      Plaintiffs,

v.

      Case No. 2:19-cv-423-NPM

IH4 PROPERTY FLORIDA, L.P. and
INVITATION HOMES REALTY, LLC,

      Defendants.

## ORDER

Before the Court is the Renewed Agreed Petition for Order Authorizing Settlement of Minor's Personal Injury Claim (Doc. 62). Plaintiffs represent Defendants do not oppose and consent to the settlement of this action. The parties consented to proceed before a Magistrate Judge for all proceedings. (*See* Doc. 64).

In the Amended Complaint, Plaintiffs Grace Clay and Stephen Clay, individually and on behalf of their minor son S.C. allege they rented real property owned or controlled by Defendants IH4 Property Florida, L.P. and Invitation Homes Realty, L.L.C. (Doc. 11, § 1). Plaintiffs claim Hurricane Irma damaged the roof of the home and water or moisture intruded. (*Id.*, § 21). Over time, mold grew and was exacerbated by subsequent storm events. (*Id.*, § 24). From the toxic mold, Plaintiffs

claim they suffered physical injuries and required alternate housing. (*Id.*, §§ 25-27). As theories of recovery, the complaint advances claims based on federal and Florida law. (Doc. 11, ¶¶ 35-65).

The parties settled this action on December 3, 2020, and now seek Court approval of the minor's claims. (Docs. 56, 62).[1] For a federal court to approve a settlement, "'the cardinal rule is that the District Court must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties.'" *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991) (citations omitted). And under Florida law, the Court must determine whether the settlement is in the best interests of the minor. *Meyers v. United States*, No. 6:13-CV-1555-ORL, 2014 WL 5038585, *2 (M.D. Fla. Sept. 29, 2014). As discussed below, the Court finds the parties have met both standards.

The parties agree the settlement terms are fair, adequate, and reasonable. (Doc. 62, p. 3). After consultation with counsel, Stephen and Grace Clay believe the settlement terms are reasonable, prudent and in the best interests of their minor son. (*Id.*, p. 3). In support, Plaintiffs assert this action was a landlord/tenant dispute regarding damages, including mainly out-of-pocket expenses, suffered from the

---

[1] The parties filed a prior Agreed Petition for Order Authorizing Settlement of Minor's Personal Injury Claim (Doc. 58). The Court held a hearing on February 4, 2021, and entered an Order (Doc. 61), finding the original Agreed Petition was deficient. In the Renewed Petition, the parties corrected these deficiencies.

mold/water damage, diminution of the rental value, and emotional distress. (*Id.*). At the outset of the action, Plaintiffs believed S.C.'s injuries were caused by exposure to mold, but later learned they were not. (*Id.*). The parties have not uncovered any evidence that S.C. suffered permanent injuries from exposure to mold. (*Id.*, p. 4). The amount of medical liens associated with S.C.'s hospitalization are presently $3,000.00. Further, the Court finds no collusion.

The parties agreed to settle this matter as follows: Stephen and Grace Clay will receive $115,000.00; and Stephen and Grace Clay will receive $5,000.00 for the sole care and benefit of S.C. (*Id.*, p. 2). After review of the parties' Renewed Petition and Full and Final Release, the Court finds the settlement is fair, adequate, and reasonable with no collusion, and the terms of the settlement are in the best interests of the minor, S.C.

Accordingly, the Renewed Agreed Petition for Order Authorizing Settlement of Minor's Personal Injury Claim (Doc. 62) is **GRANTED**. The Court approves the terms of the settlement as set forth in the Renewed Agreed Petition and in the Full and Final Release as fair, adequate, and reasonable and in the best interests of the minor, S.C.

**DONE** and **ORDERED** in Fort Myers, Florida on February 22, 2021.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE